*52 OPINION.
Siefkin:
This is a companion case to Docket No. 37745, involving the same patents and intangibles for other years.
For each of the years 1920 and 1921 respondent determined that petitioner was 'entitled to invested capital in the amount of $26,250 on account of patents and intangibles paid in for stock of the petitioner. Patents and intangibles were valued by the respondent at $75,000, but, clue to statutory limitations, only $26,250 was allowable in invested capital on account thereof. Eespondent also allowed in each of the years 1920 and 1921 an amount of approximately $4,400 as a deduction on account of exhaustion of the patent, this being about equal to one-seventeenth of $75,000.
At the hearing the motion of the petitioner to dismiss the appeal was denied, and the respondent was allowed to amend his answer to *53 allege tliat he erred in allowing any amount in invested capital on account of patents and intangibles acquired for stock and in allowing deductions on account of exhaustion of the patent.
The respondent is contending that his deficiency letter was in error in allowing anything. The burden of proving such a contention is on the respondent. Upon the same evidence, in Docket No. 37745, which we held not to sustain the petitioner’s burden, 'we hold that the respondent has not met his burden of showing that the deficiency which he asserted was in error. The deficiencies asserted in the deficiency letter will be approved.

Judgment will be entered that there is a deficiency for the year 19W in the amount of $9I¡..1§ and that there is a deficiency for the year 19M in the amount of $1,J¡.55M.